IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

VIRGINIA CURTIS,

      Plaintiff,

vs.

WILLARD E. OSMUNSON,

      Defendant.

Case No. CIV 04-0303-N-EJL

MEMORANDUM ORDER

Pending before the Court in the above-entitled matter are Defendant's Motions for Summary Judgment (Docket Nos. 13 and 23) and related motions to strike and motion for dismissal pursuant to Dist. Idaho Loc. Civ. R. 7.1 (Docket Nos. 15 and 28). Plaintiff filed a motion for ruling on the summary judgment motion (Docket No. 24).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

### Factual Background

Plaintiff Virginia Curtis filed her Complaint on June 15, 2004 alleging Defendant Dr. Willard Osmunson failed to properly diagnose, treat and care for Plaintiff, breached the standard of care owed to a patient, thereby committing medical and dental negligence. Ms. Curtis claims Dr. Osmunson, who practiced in Sandpoint, Idaho and acted as her family dentist from 1993 to 2001,

failed to detect and treat an abscess under one of her teeth and that such abscess was clearly visible in x-rays taken by Dr. Osmunson.  Ms. Curtis alleges the abscess caused a tremendous amount of pain and suffering and eventually corroded a portion of her jaw.

Dr. Osmunson moved his practice in 2001 and the last time he examined Plaintiff was in September of 2001.  Dr. Osmunson denies he was negligent in the care of Ms. Curtis.

Plaintiff complains she was sick to her stomach, nauseated, dizzy and could not eat as early as 1999.  Plaintiff was treated by Dr. Gramyk who treated her in the emergency room when she fainted one morning.  Dr. Neher to evaluated her stomach in 1999 or 2000 by doing an endoscopy.  He found polyps, but did not find anything that would cause Plaintiff's symptoms.  Ms. Curtis was also seen by Dr. Hopkins who performed a colonoscopy in 2001 or 2002 to see if they could determine what was causing her symptoms of nausea and dizziness.  Also, Plaintiff's physician, Dr. Dunn, examined her due to complaints of dizziness, nausea and sinus complaints.  Plaintiff claims the nausea and dizziness were due to the infection related to the abscessed tooth.

In September of 2001, Ms. Curtis testifies she complained of sinus problems and pain in the quadrant of her mouth where tooth #10 is located to Dr. Osmunson.  Plaintiff was examined and had some dental work completed by Dr. Osmunson at the appointment in September 2001.  It appears from Ms. Curtis' deposition and Dr. Osmunson's dental records that x-rays were not taken in September 2001.  Other dental work was done in September 2001 and x-rays had been taken at a earlier dental visit.

Ms. Curtis claims her symptoms continued in 2002.  On May 22, 2002, Sandpoint dentist Dr. Marc Natoni took x-rays and examined Ms. Curtis's mouth.  In viewing the x-rays, he

discovered an abscess under tooth #10. On June 17, 2002, Dr. Natoni performed a root canal and continued to monitor the abscess/lesion.

At some point, Dr. Natoni requested the x-rays from Dr. Helvey, the dentist who had taken over Dr. Osmunson's dental practice and who had Ms. Curtis's old records and x-rays. Dr. Natoni detected a lesion around tooth #10 existed in her 1999 x-rays. The exact date of receipt of the 1999 x-rays from Dr. Helvey by Dr. Natoni and the date Dr. Natoni told Ms. Curtis the abscess/lesion appears to have been in existence since 1999 is not established in the affidavits or deposition testimony. Dr. Natoni testified in his deposition that "I did not record when they [the 1999 x-rays] arrived to my office."

Ms. Curtis testified in her deposition, pp. 74-75, that the original 1999 x-ray was returned to Dr. Helvey's records. Donna Berger, who appears to have worked at Dr. Helvey's, informed the Plaintiff that Dr. Helvey reviewed the 1999 x-ray and agreed Ms. Curtis should see Dr. Penberthy as soon as possible. There is no date assigned to this conversation with Donna Berger in the deposition.

When the lesion did not resolve after the root canal, Dr. Natoni referred Ms. Curtis to endodontist Dr. Timothy Penberthy who practiced in Coeur d'Alene and Sandpoint. Dr. Penberthy had also practiced as a general dentist in Post Falls, Idaho from 1987 to 1992. Dr. Penberthy performed a apicoectomy on Ms. Curtis to excise the abscess that was not healing and to fill the gap with bone graft material in October of 2002. It appears from recent x-rays the lesion around tooth #10 has resolved.

MEMORANDUM ORDER - 3

Motions for Summary Judgment

1. Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir.

---

1 See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

MEMORANDUM ORDER - 4

1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth

Circuit cases are in accord.  See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus.

Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

        According to the Ninth Circuit, in order to withstand a motion for summary

judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of
> fact with respect to any element for which it bears the burden of
> proof; (2) must show that there is an issue that may reasonably be
> resolved in favor of either party; and (3) must come forward with
> more persuasive evidence than would otherwise be necessary when
> the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

        Of course, when applying the above standard, the court must view all of the evidence

in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).


        2. Failure to Designate Expert Witnesses and Motion to Strike Plaintiff's Affidavits

        The Defendant moves for summary judgment as Plaintiff has failed to designate an

expert witness familiar with the local community standard of care for dentists in Sandpoint, Idaho

and since expert testimony is required for a malpractice case of this nature, the case must be

dismissed.  In the alternative, if the Court permits Plaintiff to belatedly offer expert testimony, such

testimony should be conditioned upon the competence of evidence regarding the local community

standard pursuant to Fed. R. Civ. P. 56(e).  Finally, Defendant moves to strike the Plaintiff's

affidavits submitted in response to the motion as the experts were not timely designated in

accordance with the Court's Scheduling Order.  Plaintiff responds that dismissal is too extreme of

a sanction and the case should be allowed to be heard on the merits even if Plaintiff is sanctioned.

MEMORANDUM ORDER - 5

This case is extremely frustrating to the Court. Defendant's argument regarding the failure to disclose experts is strong and in other malpractice cases the Court has denied a late expert disclosure request and granted summary judgment in favor of the defendant. Plaintiff's counsel's disregard for the Court's orders is without defense.[2]

Plaintiff does not dispute that the law is well-settled that expert testimony is required for a malpractice case of this nature. Idaho Code § 6-1012 provides direct expert testimony based on actual knowledge of the local community standard of care is required to establish negligence in malpractice cases. See Strode v. Lenzi, 116 Idaho 214, 775 P.2d 106 (1989); Dekker v. Magic Valley Regional Medical Center, 115 Idaho 332, 766 P.2d 1213 (1988); Kunz v. Miciak, 118 Idaho 130, 795 P.2d 24 (Ct. App. 1990).

In response to the motion for summary judgment, Plaintiff argues the Idaho State Board of Dentistry's Findings of Fact and Conclusions of Law create a genuine issue of material fact regarding the alleged negligence by Dr. Osmunson. The Board of Dentistry Findings of Fact and Conclusions of law do not satisfy the requirements of Idaho Code § 6-1012. The Board of Dentistry found "probable cause" to conclude Dr. Osmunson failed to meet the standard of dental care and that there was no factual basis to conclude a correlation existed between Ms. Curtis' physical complaints and the abscess at the apex of tooth #10. There is no expert testimony contained in the Board of Dentistry's Findings of Fact and Conclusions of law regarding the local community standard for dental care in Sandpoint, Idaho or testimony by an expert stating the standard of care was violated. There is nothing in the record to support the Executive Director of the Board of Dentistry is

---

2 The Court also notes that Plaintiff's counsel served his response to opposing counsel via fax which is not proper service under Fed. R. Civ. P. 5(b). Hopefully, with electronic filing now required, Plaintiff's counsel will properly serve all future pleadings in this case.

qualified as an expert in this case. Accordingly, this document cannot be used to satisfy the requirement for direct expert testimony pursuant to Idaho Code § 6-1012.

Next, Plaintiff offers the affidavits of Dr. Timothy Penberthy (dated March 21, 2005) and Dr. Marc Natoni (dated March 22, 2005). The Court notes that the submitted affidavits were not notarized. Second, the Court notes that Defendant maintains that no expert reports regarding the expert opinions of these two dentists were provided by the expert disclosure deadline in the Court's Scheduling Order (Docket No. 12). Before the Court can rule on the motion for summary judgment, the Court must determine if the expert testimony of Dr. Penberthy and Dr. Natoni will be allowed or excluded.

The Scheduling Order provided Plaintiffs had until January 28, 2005 to disclose their experts and the Defendant needed to disclose his expert witnesses on or before March 1, 2005. Rebuttal witnesses were to be disclosed by March 14, 2005. The Scheduling Order clearly states that Fed. R. Civ. P. 26(a)(2)(B) and Dist. Idaho Loc. Civ. R. 26.2(b) shall be followed. It is undisputed that Plaintiff did not provide expert disclosures in compliance with Fed. R. Civ. P. 26(a)(2)(B) and Dist. Idaho Loc. Civ. R. 26.2(b).

The requirements of Fed. R. Civ. P. 26(a)(2) are not complex and must be complied with to assure a level playing field for all parties. An expert report shall be in writing, prepared and signed by the expert, and must also include the following:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other [similar] cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

MEMORANDUM ORDER - 7

Fed. R. Civ. P. 26(a)(2)(B) and D. Idaho L. Civ. R. 26.2(b).[3]

The rules on expert disclosure exist to avoid attorneys on either side of a case from being blind sided. Clearly, the affidavits filed by the dentists in response to the motion for summary judgment and after the deadline for rebuttal expert disclosure do not meet the disclosure requirements for experts pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Dist. Idaho Loc. Civ. R. 26.2(b) and do not provide for a level playing field. If Plaintiff was only having the treating dentists testify as to how they treated Plaintiff, they may not be expert witnesses. However, once Plaintiff elicits an "opinion" regarding whether Dr. Osmunson breached the applicable standard of care, the characterization of the testimony of the treating dentists becomes expert testimony. Even if Plaintiff's counsel was somehow unaware of his duty to file expert reports when he knew he was relying on the treating dentists to testify that in their expert opinions Dr. Osmunson failed to meet the local standard of dental care, Plaintiff's counsel should have corrected their error when they received Defendant's expert disclosures. Arguably, Plaintiff's counsel could have disclosed the treating dentists as rebuttal experts and complied with the rules relating to expert disclosure by March 14, 2005 or moved the Court for an extension of time to file expert disclosures. Plaintiff's counsel knows how to move for an extension of time as Plaintiff filed two motions to continue the discovery deadline in this case (Docket Nos. 19 and 21).

Rule 37(c) of the Fed. R. Civ. P. provides for the exclusion of an expert witness if the discovery rules have not been complied with. Rule 37(c) states:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In

---

3 The Local Rules slightly modify the obligation under Fed. R. Civ. P. 26(a)(2)(B) to provide a listing of "similar" cases in which the witness has testified as an expert in the preceding four years.

addition to or in lieu of this sanction, the court, on motion and after affording a opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

In order to avoid sanctions, Plaintiff has the burden of establishing that she had a "substantial justification" for not filing of the expert reports of Dr. Penberthy and Dr. Natoni and that the late disclosure in the form of the affidavits was "harmless" to Defendant. Yeti By Molly Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). The Court finds under the procedural and factual background of this case, the Plaintiff has failed to carry her burden.

Plaintiff's counsel has provided no justification for failing to comply with the Court's Scheduling Order and simply claims the Defendant has not been prejudiced. The test is not whether the Defendant has been "prejudiced." The test is was the late disclosure in the form of an affidavit "harmless." The Defendant clearly has been harmed as summary judgment could be granted in his favor based on the non-compliance of Plaintiff. However, because the treating doctors were listed as witnesses and expert witnesses in the answers to interrogatories and such dentists have now been deposed by the Defendant, the Court is not going to exclude the expert testimony, but is going to sanction Plaintiff's counsel for failing to timely and properly disclose Plaintiff's experts.

Having determined that the expert testimony of Dr. Penberthy and Dr. Natoni will be considered by the Court, the Court finds the dentists have actual knowledge of the local standard of care dental care in Sandpoint, Idaho since both dentists practice in Sandpoint. Based on the expert opinion testimony set forth in the affidavits, the Court finds there is a genuine issue of material fact regarding whether or not Dr. Osmunson breached the standard duty of dental care owed to Ms. Curtis and summary judgment must be denied.

3. Statute of Limitations

Defendant filed a second motion for summary judgment arguing the Complaint filed by Plaintiff was time barred by Idaho's two year statute of limitations for malpractice actions. The Complaint was filed on June 14, 2004. The Plaintiff was last treated by Dr. Osmunson in September of 2001. Plaintiff had been in pain from the alleged failure of Dr. Osmunson to treat her since 1999. Defendant argues that Plaintiff had "some" damage from the malpractice in 2001, so the Complaint filed in 2004 is time barred.

Plaintiff did not file a timely response to the motion for summary judgment, but did file a response to the application for an order of dismissal. On page 2 of the response to the request for an order of dismissal (Docket No. 29), Plaintiff argues that based on the allegations in the Complaint, the alleged malpractice was "not discovered until she visited a dentist in October of 2002, subsequent to her visits with Dr. Osmunson" so the Complaint was timely filed in June of 2004.

First, the Court must address the fact that Plaintiff's counsel failed to file a timely response to the motion for summary judgment. District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[4] The

---

[4] D. Id. L. Civ. R. 7.1(c)(1) provides in part:

> The responding party <u>must</u> serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely. (Emphasis added.)

MEMORANDUM ORDER - 10

certificate of service indicates counsel for Plaintiff was served with the motion for summary judgment and related pleadings. The Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(f).[5]

However, pursuant to <u>United States v. Real Property Located at Incline Village</u>, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless the movant's papers are sufficient to support the motion or the movant's papers on their face reveal no genuine issue of material fact. <u>See also Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial). Accordingly, the Court will evaluate the motion for summary judgment on the merits.

Concerning the present motion for summary judgment, the Court cannot ignore Plaintiff's counsel's professional deficiencies in responding to a motion for summary judgment. Once Defendant put at issue the date some injury resulted from the alleged malpractice based on Plaintiff's own deposition testimony, Plaintiff cannot respond to a motion for summary judgment with mere allegations from the Complaint to refute the deposition testimony. Moreover, Plaintiff's counsel is mistaken as to the date Ms. Curtis was examined in 2002 by the dentist who discovered the abscess in the x-rays. Certainly, counsel should file a memorandum citing case law on when an

---

5 The Court notes that Plaintiff has Washington counsel and local Idaho counsel. Apparently, Washington counsel, Mr. Aaron Lowe, is unfamiliar with the practice of law in the District of Idaho and the applicable federal and local rules. The Court could disregard all filings by Mr. Lowe that failed to also have the signature of local counsel. <u>See</u>, Dist. Idaho Loc. Civ. R. 83.4(e) which states in part:
"All pleadings filed with the Clerk of Court must contain the names and addresses and original signatures of the attorney appearing pro hac vice and associated local counsel."
While the Court recommends Mr. Lowe take the time to become familiar with the Local Rules, the Court will definitely not excuse local counsel from appearing at any court proceedings in this case.

MEMORANDUM ORDER - 11

injury accrues for purposes of responding to a dispositive motion relating to the statute of limitations.

Idaho Code § 5-219 provides for a two year statute of limitations for professional malpractice actions and the statute starts to run as of the "time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom. . . . " A cause of action is not deemed complete until "some" damage has been sustained and plaintiff has some capacity to file a claim. <u>Lapham v. Stewart</u>, 137 Idaho 582, 51 P.3d 396 (2002). The statute begins to run when damages are "objectively ascertainable." <u>Hawley v. Green</u>, 117 Idaho 498, 502, 788 P.2d 1321, 1325 (1990).

In this case, it is undisputed that Ms. Curtis was suffering symptoms of nausea, dizziness and having trouble eating from some unknown cause between 1999-2002. A person who has an endoscopy and a colonoscopy to try to discover the source of her nausea and dizziness, clearly does not know that the infection from an unknown tooth abscess may be causing her symptoms. Additionally, Plaintiff tried sinus medication from Dr. Dunn, but it did not relieve the symptoms. Defendant argues the fact Plaintiff was suffering from "some" damage means her claim arose at the latest in 2001 when she was last examined by Dr. Osmunson and was seeing other doctors for her symptoms of nausea and dizziness. The Court respectfully disagrees. In this case, the Plaintiff's damages were not "objectively ascertainable" until she knew of the alleged malpractice regarding the abscess around tooth #10. Plaintiff did not have knowledge of the alleged source of her ongoing physical symptoms, the abscess under or around tooth #10, until May 22, 2002 when Dr. Natoni reviewed the x-rays he had taken that day. The question to trigger the statute of limitations in this case becomes, when did Ms. Curtis discover the alleged malpractice claim against Dr. Osmunson for failing to properly read the 1999 x-rays that showed the same lesion

around tooth #10. The treatment by Dr. Natoni with a root canal and oral surgery in October of 2002 by Dr. Penberthy did not extend the statute of limitations by reason of continuing consequences. Idaho Code § 5-219.

Unfortunately, the Court cannot answer the statute of limitations question from the record before it. While Dr. Natoni discovered the abscess on May 22, 2002, the Court does not know the date Dr. Natoni received the 1999 x-rays from the dentist who had taken over Dr. Osmunson's practice. Furthermore, the Court does not know the date Plaintiff was informed, presumably by Dr. Natoni, that the lesion was on the 1999 x-ray and should have been detected by Dr. Osmunson. It is this date (and not the date the Plaintiff had oral surgery by Dr. Penberthy in October of 2002) that will determine whether or not the Complaint was timely filed within the two year statute of limitations.

Because, there exists a genuine issue of material fact regarding the earliest date Ms. Curtis "objectively ascertained" the alleged professional malpractice by Dr. Osmunson, the Court must deny without prejudice the motion for summary judgment based on the statute of limitations.

Motion for Ruling on the Motion for Summary Judgment

Plaintiff moves the Court for a ruling on the motion for summary judgment and indicates in the motion that "[after hearing oral argument and considering the briefs of the parties, the court decided to withhold its order, ostensibly for the completion of discovery or the introduction of some other dispositive evidence." (See, Docket No. 24, p. 2.) This Court has not held oral

argument on the pending motions for summary judgment. Plaintiff's counsel's representation of such is in error. Since the Court is now ruling on the pending motions, this motion by Plaintiff is moot.

## ORDER

Being fully advised in the premises, the Court hereby orders:

1) Defendant's Motion for Summary Judgment (Docket No. 13) is DENIED.

2) Defendant's Motion to Strike Expert Affidavits (Docket No. 15) is DENIED, however, Plaintiff's counsel are sanctioned the cost of the depositions of Plaintiff's two experts as well as the attorneys fees associated with the depositions and the preparation and filing of the motion for summary judgment related to the expert testimony and motion to strike the declarations of the experts. Counsel for Defendant shall file a summary of their costs and fees so the Court can enter a judgment in the amount of the sanction against Plaintiff's counsel. It is further ordered that Plaintiff has fifteen (15) days from the date of this Order to serve complete Fed. R. Civ. P. 26 expert disclosures on Defendant, if this has not already occurred. Failure to timely file the expert disclosures, if such has not already been done, will result in dismissal of the action. Defendant shall have thirty (30) days from the date of receipt of the Plaintiff's expert disclosures to determine if it would like to name any additional expert witnesses.

3) Defendant's Motion for Summary Judgment (Docket No. 23) is DENIED WITHOUT PREJUDICE.

4) Defendant's Motion for an Order of Dismissal Pursuant to Rule 7.1 (Docket No. 28) is DENIED.

5) Plaintiff's Motion for a Ruling (Docket No. 24) is DENIED AS MOOT.

MEMORANDUM ORDER - 14

6) This matter is set for trial at 9:30 a.m. on Tuesday, June 27, 2006 in Coeur d'Alene, Idaho.

7) The Court ordered deadline for the parties to complete mediation shall be extended until March 31, 2006.

DATED: **February 21, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER  - 15