IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VIRGINIA CURTIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WILLARD E. OSMUNSON,<br><br>　　　　Defendant. | Case No. CIV 04-0303-N-EJL<br><br>MEMORANDUM ORDER |

　　　　Pending before the Court in the above-entitled matter is Defendant's Renewed Motion for Summary Judgment (Docket No. 35). The Court finds the motion is timely filed as the Court denied without prejudice the previous timely filed motion for summary judgment. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

　　　　In the Court's Memorandum Order of February 21, 2006, the Court determined based on the record before it, the Court could not grant summary judgment on the statute of limitations question. Defendant Dr. Osmunson has now renewed its motion and provided portions of depositions, Dr. Natoni's medical records and copies of Plaintiff Curtis' diary to support its argument that the complaint was not filed within the two year statute of limitations. Plaintiff has responded to the renewed motion with an affidavit of Ms. Curtis indicating she was not aware of Dr. Osmunson's negligence until June 17, 2002. The Court adopts the factual background set forth in the February 21, 2006 Memorandum Order with the additions of the recently provided evidence.

MEMORANDUM ORDER- 1

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The statute of limitations is an affirmative defense and the Defendant has the burden of establishing the elements necessary to establish the defense. Hawley v. Green, 117 Idaho 498, 504, 788 P.2d 1321, 1327 (1990). In this case the Defendant must establish via uncontroverted evidence that the Plaintiff incurred some injury over two years before her complaint was filed.

At page of the Court's February 21, 2006 Memorandum Order, the Court summarized the statute of limitations law as follows:

> Idaho Code § 5-219 provides for a two year statute of limitations for professional malpractice actions and the statute starts to run as of the "time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom. . . . " A cause of action is not deemed complete until "some" damage has been sustained and plaintiff has some capacity to file a claim. Lapham v. Stewart, 137 Idaho 582, 51 P.3d 396 (2002). The statute begins to run when damages are "objectively ascertainable." Hawley v. Green, 117 Idaho 498, 502, 788 P.2d 1321, 1325 (1990).

The Court finds that such summary was a correct statement of law. However, upon further reflection and consideration of the renewed motion for summary judgment, the Court has determined it misapplied the relevant law in the Memorandum Order when it held the relevant date for purposes of the statute of limitations question was the date Plaintiff was informed, presumably by Dr. Natoni, that the lesion was on the 1999 x-ray and should have been detected by Dr. Osmunson. The Court was mistakenly starting the statute of limitations clock on the date the Plaintiff objectively ascertained the date of alleged malpractice instead of the date the Plaintiff suffered some "objectively ascertainable" injury.

MEMORANDUM ORDER- 2

Since the legislature passed Idaho Code § 5-219, the law regarding the starting of the statute of limitations has been well-settled. Most recently, the Idaho Supreme Court held:

> Except for actions based upon leaving a foreign object in a person's body or where the fact of damage has been fraudulently or knowingly concealed, the cause of action for professional malpractice accrues "as of the time of the occurrence, act or omission complained of," I.C. § 5-219(1998), although there must also be "some damage" for the cause of action to accrue.

Conway v. Sonntag, 141 Idaho 144, 146, 106 P.3d 470, 472 (2005) (citing Lapham v. Stewart, 137 Idaho, 582, 51 P.3d 396 (2002). The Conway decision went on to hold: "[t]he existence of 'objectively ascertainable injury' is simply an analytical tool to be used in determining when 'some damage' has occurred." Id. at 72-73. Basically, until the injured plaintiff has suffered some injury resulting from the alleged malpractice, the cause of action has not yet accrued. Id.

Defendant maintained in his earlier motion that since Plaintiff had "some damage" as early as 1999 when she began seeing other doctors for nausea and pain she alleges was due to her undiagnosed abscess, the complaint is time barred. In reviewing a motion for summary judgment, the facts are viewed in a light most favorable to Plaintiff, and the Court finds Plaintiff did not know in 1999 her nausea and pain was related to an undetected abscess. Moreover, in Plaintiff's affidavit she states "I did not suffer any discomfort in this are until sometime after last seeing Dr. Osmunson. . . ." Under the facts of this particular case, the Court finds the date Plaintiff knew she had some injury from the undetected abscess is the date the statute of limitations clock begins to run. It is undisputed Plaintiff was informed of the abscess and suffered some injury or damage when Dr. Natoni examined her on May 22, 2002, reviewed x-rays of her mouth, and informed Ms. Curtis of the abscess and that it had been present for quite some time.

While it appears from Plaintiff's affidavit that she did not learn until June 17, 2002 that Dr. Osmunson had allegedly failed to diagnosis the abscess in the 1999 x-ray, it is not the date that she learned of the alleged malpractice that triggers the statute of limitations. It is the date the

MEMORANDUM ORDER- 3

alleged malpractice has occurred (in this case either 1999 when the x-rays showing a lesion were taken or arguably in 2001 when she last was examined by Dr. Osmunson and she complained of pain in that area of her mouth) <u>along with</u> the date when Plaintiff suffered "some damage" related to the alleged failure to diagnosis the abscess.  The discovery of the 1999 x-rays by Plaintiff is relevant in order for the Plaintiff to establish the alleged malpractice of Dr. Osmunson, but it is not the relevant date for the statute of limitations analysis.

Plaintiff maintains in her response that the statute of limitations should run from the date Plaintiff discovered the alleged malpractice.  However, the cases cited by Plaintiff to support this proposition <u>Renner v. Edwards</u>, 93 Idaho 836, 475 P.2d 530 (1969) and <u>Reis v. Cox</u>, 104 Idaho 434, 660 P.2d 46 (1982) were cases that were based on claims for malpractice that accrued prior to the enactment of Idaho Code § 5-219 and it is undisputed that § 5-219 controls in the case at bar.  Therefore the holdings of <u>Renner</u> and <u>Reis</u> are no longer determinative of the starting of the statute of limitations period for a malpractice claim.  <u>See</u> <u>Chicoine v. Bignall</u>, 122 Idaho 482, 483 (1992).  Where the language of a statute is unambiguous, the clear expressed intent of the legislature must be given effect and strictly construed by the Court.  <u>Cummings v. J.R. Simplot Co.</u>, 95 Idaho 465, 511 P.2d 282 (1973).

The Court finds the Plaintiff did  "objectively ascertain" her injury and that "some damage" occurred on May 22, 2002 when Dr. Natoni examined and x-rayed Ms. Curtis and discovered the large abscess.  The Court reaches this conclusion based on the undisputed facts set forth in the deposition testimony of Dr. Natoni and Ms. Curtis, the medical records of Dr. Natoni and the notes in Ms. Curtis' diary on May 22, 2002 when she states:

MEMORANDUM ORDER- 4

> He [Dr. Natoni] told me I have a large abcess [sic] on the left side above my upper eyetooth and will have to do a root canal as soon as I get home from Bibs, he couldn't believe it hadn't been noticed by Bill Osmunson, because it has been there awhile.

The continued treatment of Ms. Curtis by Dr. Natoni with a root canal and oral surgery in October of 2002 by Dr. Penberthy did not extend the statute of limitations by reason of continuing consequences or damages. Idaho Code § 5-219. Further, the Plaintiff has not presented facts to support tolling the time period based on any filing with the State Board of Dentistry. See James v. Buck, 111 Idaho 708, 727 P.2d 1136 (1986).

The Court finds the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law based on the statute of limitations for malpractice actions. Because the complaint was filed on June 15, 2004, over two years after the date of the alleged malpractice along with the date Plaintiff objectively ascertained some damage, the claim is barred by Idaho Code § 5-219 and the case must be dismissed in its entirety.

Being fully advised in the premises, the Court hereby orders the Defendant's Renewed Motion for Summary Judgment on the Statute of Limitations (Docket No. 35) is GRANTED and the case is dismissed in its entirety.

DATED: **April 14, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER- 5