IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VIRGINIA CURTIS,<br><br>            Plaintiff,<br><br>vs.<br><br>WILLARD E. OSMUNSON,<br><br>            Defendant. | Case No. CIV 04-0303-N-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter are Plaintiff's Amended Motion for Reconsideration (Docket Nos. 46 and 50) and Amended Motion for Sanctions (Docket Nos. 45 and 49). The Court requested additional briefing from the parties on the motion for reconsideration. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Motion for Reconsideration

Plaintiff contends the Court applied the improper legal standard in its analysis regarding the statute of limitations and seeks to have the Court alter or amend its ruling pursuant to Fed. R. Civ. P. 59. Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line,

MEMORANDUM ORDER - 1

Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984).  Pursuant to Rule 59(e), a motion for reconsideration must be filed within ten (10) days of the court's order.

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.  Illinois Central Gulf Railroad Company v. Tabor Grain Company, 488 F. Supp. 110, 122 (N.D. Ill. 1980) (a rehash of the arguments previously presented affords no basis for a revision of the court's order).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [s]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed.  Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984).  See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").

In this case the motion for reconsideration was filed timely filed within 10 days of the Court entering judgment.  Plaintiff maintains it is the date the Plaintiff discovered the alleged

MEMORANDUM ORDER  - 2

malpractice on June 17, 2002 and not the date she suffered some injury (May 22, 2002 when large abscess discovered by Dr. Natoni and he indicated it had been there for some time) that should be the critical fact for determining if the two-year statute of limitations was satisfied when the lawsuit was filed on June 15, 2004.  The Court rejected this argument previously as the law in Idaho does not turn on when the negligence was discovered by Plaintiff, except in limited situations that do not apply to the factual situation presented in this case.

Since the legislature passed Idaho Code § 5-219, the law regarding the starting of the statute of limitations has been well-settled.  Most recently, the Idaho Supreme Court held:

> Except for actions based upon leaving a foreign object in a person's body or where the fact of damage has been fraudulently or knowingly concealed, the cause of action for professional malpractice accrues "as of the time of the occurrence, act or omission complained of," I.C. § 5-219(1998), although there must also be "some damage" for the cause of action to accrue.

Conway v. Sonntag, 141 Idaho 144, 146, 106 P.3d 470, 472 (2005) (citing Lapham v. Stewart, 137 Idaho, 582, 51 P.3d 396 (2002).  The Conway decision went on to hold: "[t]he existence of 'objectively ascertainable injury' is simply an analytical tool to be used in determining when 'some damage' has occurred." Id. at 72-73.  Basically, until the injured plaintiff has suffered some injury resulting from the alleged malpractice, the cause of action has not yet accrued.  Id.

In the present case, the Court determined, the alleged malpractice occurred in 1999 or at the latest her last visit to Dr. Osmunson in 2001 and Plaintiff suffered some damage on May 22, 2002 when Dr. Natoni discovered the abscess and told Ms. Curtis it had been there awhile and he couldn't believe it hadn't been discovered by Dr. Osmunson.  Therefore, the statute of limitations began to run on May 22, 2002 and the complaint was not timely filed within two years of the date the injury was first objectively ascertainable by Ms. Curtis.

MEMORANDUM ORDER  - 3

Plaintiff compares the case to a surgical case where a surgical instrument is left in the body and the statute of limitations does not begin to run until the instrument is discovered in the body. This comparison is without merit as the facts of this particular case do not involve an undiscovered foreign object and the Idaho Code provides for an exception in such a case. Idaho Code § 5-219(4).

The Court requested additional information regarding the accuracy of Plaintiff's handwritten diary which was relied on by the Court in its statute of limitations analysis. The cited portion of the handwritten diary have not been established by Plaintiff to be anything other than a true and correct copy of an admission by a party opponent provided to Defendant during the normal course of discovery (i.e., the deposition of Ms. Curtis).[1] The one notation on the copy of the diary claimed by Plaintiff to make the diary copy something other than a true and correct copy was not relied on by the Court and has been removed from the diary copy filed as Exhibit A to the Affidavit of Counsel, Docket No. 57. The Court finds the cited portion of the diary is undisputed evidence that can be relied upon by the Court for purposes of a motion for summary judgment and the application of the malpractice statute of limitations. Moreover, the Court did not rely solely on the diary for determining the date the "some damage" occurred. The Court considered the medical records, the deposition testimony of Dr. Natoni and Ms. Curtis, the diary of Ms. Curtis and her affidavit.

---

[1] Ms. Curtis' diary on May 22, 2002 states:
He [Dr. Natoni] told me I have a large abcess [sic] on the left side above my upper eyetooth and will have to do a root canal as soon as I get home from Bibs, he couldn't believe it hadn't been noticed by Bill Osmunson, because it has been there awhile.

Based on the above analysis and the analysis contained in the Memorandum Order dated April 14, 2006 (Docket No. 42), the Court finds the motion for reconsideration is without merit and must be denied.

## Motion for Sanctions

Plaintiff maintains the requests for admissions related to the diary of Ms. Curtis was improper discovery and Defendant should be sanctioned. The Court finds this motion is without merit as the subject of the requested admissions was the copies of the diary of Ms. Curtis and such diary was provided as a result of her deposition. Moreover, the requested admissions were not admitted to by Plaintiff so the requested admissions were not relied on by the Court in its summary judgment analysis. While the requested admissions may not have been timely made, the requested discovery had no impact on the Court's independent determination that summary judgment should be granted and the case dismissed in its entirety.

## Order

Being fully advised in the premises, the Court hereby orders Plaintiff's amended motion for reconsideration (Docket Nos. 46 and 50) and amended motion for sanctions (Docket Nos. 45 and 49) are DENIED.

DATED: **May 24, 2006**

Honorable Edward J. Lodge
U. S. District Judge